# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Wayne Wallace,

          Petitioner,      Case No. 16-cr-20581

v.                                     Judith E. Levy
                                     United States District Judge

United States of America,

                                     Mag. Judge Anthony P. Patti

          Respondent.

_____/

## ORDER DENYING PETITIONER'S MOTION TO VACATE SENTENCE [28] AND DENYING PETITIONER'S MOTION TO APPOINT COUNSEL [33]

This matter is before the Court on petitioner Wayne Wallace's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (Dkt. 28) and his motion to appoint counsel pursuant to 18 U.S.C. § 300A (Dkt. 33). Petitioner argues that he received ineffective assistance of counsel at sentencing because his attorney failed to object to the application of a four-level sentencing enhancement for possession of a firearm in connection with another offense. For the reasons set forth more fully below, petitioners motions are DENIED.

## I. Introduction

On August 25, 2016, petitioner Wallace was charged in a five-count indictment: one count of being a felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1), one count of possession with intent to distribute tramadol in violation of 21 U.S.C. § 841(a)(1), one count of possession with intent to distribute oxycodone in violation of 21 U.S.C § 841(a)(1), one count of possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A), and one count of being in possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d). (Dkt. 9.) On January 4, 2017, petitioner pleaded guilty to two of the five counts: one count of being a felon in possession of firearms, and one count of possession with intent to distribute oxycodone. (Dkt. 23.) The remaining three counts were dismissed at sentencing.

According to the agreed-upon factual basis for the plea agreement, petitioner was arrested on May 11, 2016, after he sold oxycodone to a confidential informant. (Dkt. 23 at 2.) Officers executed a search warrant at petitioner's residence two days later, during which police recovered 11 firearms, 28 oxycodone pills, and 468 tramadol pills. (*Id.*

at 3.)  The recovered firearms were: (1) a .45 caliber handgun loaded with 10 rounds of ammunition; (2) a .380 caliber handgun loaded with 6 rounds of ammunition; (3) a 9 mm handgun loaded with 10 rounds of ammunition; (4) a .45 caliber handgun loaded with 7 rounds of ammunition; (5) a 9 mm handgun loaded with 14 rounds of ammunition; (6) an unloaded 9 mm handgun; (7) two unloaded .38 caliber revolvers; (8) a .223 rifle loaded with 30 rounds of ammunition; (9) a 7.62x39 mm rifle loaded with 34 rounds of ammunition, and (10) a 9 mm fully automatic rifle loaded with 30 rounds of ammunition.  (*Id.*)

According to the Presentence Investigation Report (PSR), one of the 9 mm handguns was found on the floor in petitioner's bedroom near a bag of 28 oxycodone pills.  (PSR at 6.)  Additionally, the loaded .380 caliber handgun was found with 468 tramadol pills on petitioner's nightstand, the .38 caliber revolver was found in a case in petitioner's bedroom, and the remaining eight weapons were found between petitioner's mattress and bedframe.  (*Id.*)  A total of 1,081 pieces of ammunition were located throughout the home.  (*Id.*)  A record check of the firearms revealed that none were registered and three were stolen.  (*Id.*)

The PSR was prepared on February 16, 2017. Pursuant to a stipulated order, objections to the report were to be filed by March 28, 2017. (Dkt. 24.) The PSR was revised on March 30, 2017, certifying that neither the government nor the petitioner filed any objections to the report. (PSR at A-1.)

Petitioner's plea agreement set forth an agreed upon sentencing guideline range of 97 – 121 months, with the possibility that the guideline range would be higher if, and only if, the Court were to find that (1) the petitioner's criminal history category is higher than reflected on the plea agreement worksheets, or (2) the offense level should be higher because, after pleading guilty, the petitioner made a false statement to or withheld information from his probation officer, demonstrated a lack of acceptance of responsibility, obstructed justice, or completed any crime. (Dkt. 23 at 4–5.) The four-level enhancement for possession of a firearm in connection with another felony offense, pursuant to United States Sentencing Guidelines (U.S.S.G.) § 2K2.1(b)(6)(B), is listed in Worksheet A attached to the plea agreement. (Dkt. 23 at 10.) The plea agreement worksheets identified three points in petitioner's criminal history for a criminal history category of II (Dkt.

4

23 at 11); the PSR identified additional criminal history which raised the calculation to seven points, resulting in a criminal history category of IV. (PSR at 12.) Based on the updated calculations, the applicable sentencing guideline range set forth in the PSR was 121 – 151 months. Neither party objected to the updated guideline range calculation. (Dkt. 25 at 5 and Dkt. 26 at 2.)

At sentencing, while arguing for a sentence below the applicable guideline range, petitioner's counsel conceded the fact that officers discovered drugs along with several guns at petitioner's home, and that petitioner admitted to trafficking drugs. Counsel emphasized, however, that there was no evidence – beyond the items found together during the search – that petitioner carried a weapon with him on any drug transaction, or that petitioner carried out any drug transactions in his home. (Sentencing Tr. May 10, 2017.) Ultimately, the Court imposed a sentence of 96 months – significantly below the agreed-upon guideline range, and below even the initial (lower) guideline range set forth in the plea agreement. (Dkt. 27.)

## II.   Legal Standard

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, an inmate in federal custody who files a motion to vacate, set aside, or correct his sentence must demonstrate "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *Shaw v. United States*, 604 F.App'x. 473, 476 (6th Cir. 2015) (quoting 28 U.S.C. § 2255(a)). "A motion brought under § 2255 must allege one of three bases as a threshold standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001) (citing *United States v. Addonizio*, 442 U.S. 178, 185–86 (1979)).

To prevail on a claim of constitutional error, a prisoner "must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect" on the proceedings. *Hamblen v. United States*, 591 F.3d 471, 473 (6th Cir. 2009) (citing

6

*Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). "Relief is warranted only where a petitioner has shown 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Griffen v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)).

To prevail under § 2255 on an ineffective assistance of counsel claim, "[petitioner] must establish (1) that his lawyer's performance was deficient as compared to an objective standard of reasonable performance, and (2) that there is a reasonable probability that the lawyer's errors prejudiced the outcome of the proceedings against him." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)).

On an ineffective assistance of counsel claim, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 689. "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 687–88. Review of counsel's

7

performance "must be highly deferential," and "every effort must be made to eliminate the distorting effects of hindsight." *Id.* at 689. As to the prejudice prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

III. Analysis

As a threshold matter, petitioner's motion does not clearly identify the grounds on which he seeks relief under 28 U.S.C. § 2255. Indeed, petitioner sets forth only that his sentence is improper "because it was based on conduct that was not in the controlling offense, but should have been an enhancement under the [U]nited [S]tates sentencing guideline manual." (Dkt. 28 at 4.) Because petitioner's motion fails to set forth any error of constitutional magnitude – and instead appears to set forth an argument that the sentencing guidelines were incorrectly applied to his case – the government argues that petitioner has failed to raise a cognizable claim and the motion should be denied. (Dkt. 34 at 4–5.) In his reply brief, however, petitioner clarifies that he *is* making a constitutional claim – namely, that he received ineffective assistance of counsel when his attorney failed to object to the four-level sentencing

8

enhancement. (Dkt. 35 at 2.) Given the requirement for the Court to liberally construe a *pro se* petition, the Court finds that petitioner has raised a cognizable claim, and will adjudicate it on the substantive merits. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007).

### a. *Ineffective Assistance of Counsel*

To prevail on an ineffective assistance of counsel claim, one must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington,* 466 U.S. 668, 667 (1984). The Court's scrutiny of counsel's performance must be "highly deferential." *Id.* at 669. Additionally, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Here, petitioner argues that his attorney's failure to object to the four-level sentencing enhancement *at sentencing* forms the basis of his ineffective assistance of counsel claim.[1] Petitioner is not challenging

---

[1] Petitioner also argues that his sentence was "procedurally unreasonable" because the Court "mistakenly applied § 2K2.1(b)(6)." This, however, would be an argument directed to an appellate court on direct review. *See United States v. Booker*, 543 U.S. 220 (2005). A motion under 28 U.S.C. § 2255 must raise either (1) an error of

the validity of the guilty plea itself, nor the effectiveness of his counsel prior to entering his plea of guilty.

The Rule 11 plea agreement, negotiated with the assistance of counsel, involved petitioner pleading guilty to two of the five counts for which he was initially indicted. (Dkt. 23 at 1–2.) It specifies a particular sentencing guideline range based on information set forth in worksheets attached to the plea agreement – including the addition of the four-level sentencing enhancement for possession of a firearm in connection with another felony offense. (*Id.* at 2 and 10.) And finally, the plea agreement affirms that "[n]either party may take a position concerning the applicable guidelines that is different than any position of that party as reflected in the attached worksheets," except as necessary to the Court's determination of petitioner's criminal history category and whether, after pleading guilty, petitioner made a false statement to or withheld information from his probation officer, demonstrated a lack of responsibility for his offense, or obstructed justice or committed any crime. (*Id.* at 4–5.)

---

constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid. Accordingly, the Court is limiting its inquiry under this motion to the claim of ineffective assistance of counsel.

The plain terms of the plea agreement precluded petitioner's counsel from objecting at sentencing to the enhancement that is challenged in this petition. Because petitioner does not argue that counsel was ineffective during the plea negotiations, and because the Court finds no reason to question counsel's strategy of pursuing an agreement that resulted in dismissal of three of the five pending charges, the Court does not conclude that counsel made any error in abiding by the terms of the plea agreement during sentencing. And indeed, while advocating for the imposition of a below-guidelines sentence, petitioner's counsel *did* emphasize the limited nexus between the firearms that were found at petitioner's home and petitioner's drug trafficking conviction. (Sentencing Tr. May 10, 2017.)

Furthermore, petitioner has not shown that there is a reasonable probability that the outcome at sentencing would have been different had his counsel objected to the sentencing enhancement. Petitioner merely asserts that if counsel had objected to the four-level enhancement, petitioner would have received a lower sentence. (Dkt. 35 at 2.)

Fed. R. Crim. P. 32(i)(3)(B) requires that a court make an independent factual finding for any disputed portion of the presentence report or other controverted matter. *See United States v. Monus*, 128 F.3d 376, 396 (6th Cir. 1997). "The primary purpose for this rule is to ensure that sentencing is based on reliable facts found by the court itself after deliberation, not on the delegation of the fact-finding process to the probation officer or the prosecution." *United States v. Parrott*, 148 F.3d 629, 633 (6th Cir. 1998). In this case, had petitioner's counsel objected to the inclusion of the four-level sentencing enhancement, the Court would have been required to make an independent determination of whether the application of U.S.S.G. § 2K2.1(b)(6) was appropriate.

As petitioner correctly notes, § 2K2.1(b)(6) "provides a four-level increase to the base offense level '[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense." (Dkt. 35 at 3.) Petitioner also correctly notes that "[t]he commentary to § 2K2.1 provides that a firearm is possessed 'in connection with' another felony 'if the firearm . . . facilitated or had the potential of facilitating, another felony offense.'" (*Id.*) Finally, it is well-established that "possession of firearms that is merely coincidental to the underlying

felony offense is insufficient to support the application of § 2K2.1." *United States v. Ennenga*, 263 F.3d 499, 503 (6th Cir. 2001). The enhancement should only be applied "if the government establishes, by a preponderance of the evidence, a nexus between the firearm and an independent felony." *United States v. Angel*, 576 F3d 318, 321 (6th Cir. 2009) (citations and internal quotation marks omitted).

In its interpretation of the "in connection with" clause of U.S.S.G. § 2K2.1, the Sixth Circuit has adopted the "fortress theory" – which concludes that a sufficient nexus is established "if it reasonably appears that the firearms found on the premises controlled or owned by a defendant and in his actual or constructive possession are to be used to protect the drugs or otherwise facilitate a drug transaction." *Ennenga*, 263 F.3d at 503 (quoting *United States v. Henry*, 878 F.2d 937, 944 (6th Cir. 1989)); s*ee also United States v. Covert*, 117 F.3d 940, 948–49 (6th Cir. 1997) (holding that the fortress theory is applicable to § 2K2.1).

The factual basis of petitioner's guilty plea establishes that a search of petitioner's home uncovered 11 firearms, 28 oxycodone pills, and 468 tramadol pills. (Dkt. 23 at 3.) It further establishes that "[t]he firearms and controlled substances belonged to [d]efendant, and he

13

intended to distribute the oxycodone and tramadol." (*Id.*) As set forth above, it is undisputed that the firearms – several of which were loaded, and which included at least one fully-automatic weapon – were all found in various locations in petitioner's bedroom and in close proximity to the oxycodone and tramadol. Petitioner argues that these facts are not enough to support the application of the fortress theory in this case. (Dkt. 35 at 3.)

"The application of the fortress theory does not require (1) evidence that [d]efendant distributed drugs from the bedroom, or (2) that he carried the gun with him when he made his drug sales." *United States v. Hardin*, 248 F.3d 489, 501 (6th Cir. 2001). And, "demonstrating the nexus [under § 2K2.1(b)(6) between a firearm and an illegal substance] is not a particularly onerous burden." *United States v. Davis*, 372 F.App'x. 628, 629 (6th Cir. 2010).

The undisputed factual basis in petitioner's plea agreement sets forth sufficient facts for the Court to conclude that the fortress theory is applicable in this case. This is not a case of simple possession of a small amount of drugs. *See, e.g.*, *United States v. Shields*, 664 F.3d 1040 (6th Cir. 2011) (holding that the enhancement was not applicable were

defendant possessed only a small amount of marijuana and a baggy with cocaine residue, and there was no evidence that defendant was involved in trafficking). This is also not a case where petitioner distinctly avoided keeping a gun in proximity to the drugs that he trafficked. *See United States v. Jackson*, __ F.3d __, 2017 WL 6015425 (6th Cir. 2017) (holding that the enhancement was not applicable when defendant kept his firearm in a property located several blocks from the property where he kept drugs).

Given the undisputed evidence that petitioner maintained a veritable arsenal of weapons, most of which he kept loaded, and all of which were found in close proximity to a stash of pills that petitioner acknowledges were intended for distribution, there can be no doubt that the four-level sentencing enhancement under U.S.S.G. § 2K2.1 is appropriate in this case. Even if counsel had objected to the sentencing enhancement, that objection would have been denied and there would have been no change in the applicable sentencing guidelines and therefore no reasonable probability that the Court would have imposed a lower sentence. Petitioner cannot prevail on his claim of ineffective assistance of counsel.

**b.** *Appointment of Counsel*

Under 28 U.S.C. § 1915(d), district courts have broad discretion to appoint counsel to represent an indigent litigant in a civil case. *Tabron v. Grace*, 6 F.3d 147, 153 (6th Cir. 1993). However, "[a]ppointment of counsel in a civil case is not a constitutional right . . . [and] is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993) (internal citations omitted). To determine whether "exceptional circumstances" exist, the Court considers (1) the type of case, (2) the abilities of the plaintiff to represent himself, and (3) the complexity of the factual and legal issues involved. *Id.* at 606 (internal citations omitted). "Appointment of counsel pursuant to 28 U.S.C. § 1915(d) is not appropriate when a *pro se* litigant's claims are frivolous or when the chances of success are extremely slim." *Id.* (quoting *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985) (internal citations omitted).

In this case, petitioner brings a claim under 28 U.S.C. § 2255, alleging that he received ineffective assistance of counsel at sentencing. Neither the legal nor the factual issues are complex – petitioner raises a single legal question that can be evaluated on the basis of the existing

record, most of which is set forth in the factual basis of petitioner's Rule 11 plea agreement. The Court affirms that petitioner clearly and correctly identified the relevant legal standard and the applicable facts, demonstrating that he capably represented himself. And finally, although the Court would not describe petitioner's motion as "frivolous," as set forth above, petitioner's motion to vacate has no reasonable likelihood of success on the merits. Appointment of counsel is not justified in this case.

## IV. Conclusion

For the reasons set forth above, petitioner's motion to vacate his sentence [28] and to appoint counsel [33] are DENIED.

Additionally, when a district court enters a final order adverse to a § 2255 movant, it must issue or deny a Certificate of Appealability (COA). Under 28 U.S.C. § 2253(c), a COA may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A petitioner must show "that reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983)). No such showing has been made here. Accordingly, petitioner is DENIED a Certificate of Appealability.

IT IS SO ORDERED.

Dated: February 8, 2018  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
  United States District Judge


**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 8, 2018.

s/Shawna Burns
SHAWNA BURNS
Case Manager